One year (50 issues) Payable in Advance.......$15.00
Single Numbers .............................. .35

When cash is mailed to us in advance
20 per cent discount

RENEWALS not prepaid (per mo. $1.25)........$15.00
No discount allowed after expiration date

### THE LAW ABSTRACT COMPANY
Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

Address all mail communications to P. O. Box 2455,
Cleveland, O.

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their application is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

## THE YEAR CLOSES

This week's Abstract, No. 49, will close the year, except No. 50, December 25th. No. 50 will contain the Cumulated Digest for the months October, November and December 1926. This, with the Semi-Annual Digest number of June 28 and the quarterly Digest of October 2, completely indes the entire issues of the Abstract for 1926. As it is natural to look for the index to a book, at its back end, the three digest numbers should be placed there together and made the last three papers of the volume. These numbers will be found, so arranged in all the bound volumes sent out by us.

## FULL SETS OHIO LAW ABSTRACT

We are pleased to be able to announce that we are getting orders for full sets of the Ohio Law Abstract from Ohio lawyers who find that the publication, now that it has become well established, and that the number of volumes of it we have published, have made it of much more than passing consequence.

We regret, however, that our supply of back numbers is so running out, notwithstanding that we are reprinting some of them, it is liable to be exhausted within the next month or so, and that the stock cannot be replenished unless practically whole volumes are reprinted. An undertaking too expensive to ever be even

(Continued on page 838)

Supreme Court

. Tuesday, December 7, 1926

No. 1070

No. 19712—Harris E. Mason v. E. C. Tremayne. Error to the Court of Appeals of Cuyahoga County.

841. NEW TRIAL—Where new trial after term is sought on the ground of false testimony on part of successful party or any witness in his behalf, new trial should be denied unless record affirmatively shows that ordinary prudence could not have anticipated such false testimony and that guilty party was convicted; or if newly discovered evidence is offered as a ground, that such evidence, it must be shown, could not with reasonable diligence have been procured at the trial.

DAY, J.

Where a party seeks a new trial after term, upon the ground of false testimony on the part of the successful party or any witness in his behalf, pursuant to paragraph 10 of Section 11631, General Code, the record must affirmatively show that ordinary prudence could not have anticipated or guarded against such false testimony and that the guilty party has been convicted; if newly discovered evidence, material for the party applying is urged as a ground for a new trial, it must be shown that such newly discovered evidence could not with reasonable diligence have been known and produced at the trial. In an absence of such showing, a new trial should be denied.

Judgment affirmed.

Marshall, CJ., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.

No. 1071

No. 19800—The Southern Ohio Public Service Co. v. Public Utilities Commission of Ohio. Error to Public Utilities Commission.

891. PARTNERSHIP—Fact that operators of motor transportation busses, for their joint good, agreed upon a joint schedule, employed a common manager, shared certain expenses, purchased equipment from common funds and agreed upon division of profits, does not necessarily constitute a partnership unless evidence shows profits were not only shared as principals, but that each had authority to bind the other as principal and agent.

973. PUBLIC UTILITIES COMMISSION— Refusal of Commission to order production of private accounts, books and papers of transportation agency for inspection by competitor, not unreasonable or unlawful where there is no lack of efficiency in service, nor any question of rates involved, nor rights of public involved and no fraud has intervened whereby Commission has been deceived.

DAY, J.

1. Where certificate of convenience and necessity have been issued by the Public Utilities Commission to certain individuals operating motor busses along a state highway, and it appears that such operators have, for the greater efficiency of the service as well as their

# ✐THE ABSTRACT 1927 DIGEST

Your Ternary Digest, (about two-thirds of our readers have one), is now a year older than when it was published. The courts, during that year have sped forward, so that its contents lacks a year of being down to date. But the connection of the Ternary with the present, has been kept up by the weekly, quarterly and semi-annual digests for 1926, so that no hiatus has occurred. The current digests have been furnished free to all Abstract subscribers for 1926.

To make the Ternary Digest as near self continuing as possible, and have it as it fully abreast the 1927 activities of Ohio Judiciaries we are preparing an Extra Abstract Digest to be dated January 1, 1927, which will be issued during Christmas week of this year.

It contains all the Digest matter produced by the opinions handed down by the Courts, Digest, Code Notes; Concordance, and Citations, each one reassembled under one alphabet, or in continuous serial formation.

This book will index all the court work for the year, as completely and thoroughly as it is possible to present it in published form, and will be all the 1926 Digest the lawyer will need.

It will be bound in full cloth, uniform in size with the Ternary, and be its 1926 continuation. Its price separate will be $2.50 to the Abstract subscribers, the same price as annual digests heretofore, but additional to the Abstract.

In this book the type for Table of Cases, Concordance, Code Notes, etc. has been reset, and it practically a new book. This explains the charge that is being made for it.

In order to accommodate attorneys and libraries, who want the Digest all in one book, we combine the Ternary Digest and the 1927 extra, and thus prepare a Quad Digest, making as its name signifies, a four year volume. We are able to do this, as we anticipated it by printing extra volumes of the Ternary, which we preserved unbound.

The price of the 1927 Quad Digest, to Abstract subscribers is $7.50.

It is the only digest that will keep the lawyer well prepared for emergencies in his practice.

It will be kept up to date, each week of 1927, by the Digest Service of the Abstract.

Both the Extra 1927 Abstract Digest Annual and the Quad Digest will be ready for delivery, the closing week of 1926. · The Annual will digest five hundred or more cases and the Ternary give 1000 or so additions, which the possessor of them will get access to exclusively through these Digests.

## THE LAW ABSTRACT CO.
### CLEVELAND, OHIO

common good, agreed upon a joint schedule, employed a common manager, shared certain expenses, purchased additional equipment from common funds and agreed upon a division of profits, such an arrangement does not necessarily constitute a partnership unless the evidence also shows that such operators so taking the profits shared them not only as principals in a joint business, but that each had an express or implied authority to bind the other as principal and agent. Harvey v. Childs and Potter, 28 Ohio St. 319, approved and followed.

2. While the Public Utilities Commission has power to examine all books, contracts, records, documents and papers of any public utility and subpoena duces tecum to compel the production thereof, it is not required to exercise such power in a controversy between rival transportation agencies where there is no lack of efficiency in the service nor any question of rates involved nor the rights of the public concerned and no fraud has intervened whereby the Commission has been deceived. Under such circumstances, the refusal of the Commission to order a production of the private accounts, books, papers, etc., of one transportation agency for the inspection of a competitor is neither unreasonable nor unlawful.

3. Where it appears that the Public Utilities Commission was not deceived as to the persons to whom were issued certificates of necessity and convenience, and the persons receiving such certificates were lawfully entitled thereto under the facts actually existing, an order refusing to revoke such certificates upon complaint of a rival transportation company, where the service is efficient and the rights of the public are not concerned and no fraud has intervened, is neither unreasonable nor unlawful.

Order affirmed.

Marshall, CJ., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.